UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-298 |
| | § | |
| ALEJANDRO GARZA, | § | |
| | § | |
| Defendant. | § | |

# OPINION AND ORDER

The Court now considers the motion for default judgment filed by U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, N.A. (Formerly Known as First Union National Bank), as Trustee, for Long Beach Mortgage Loan Trust 2000-1 ("Plaintiff") against Alejandro Garza ("Defendant").[1] Defendant has not responded and the time for doing so has passed. After duly considering the record and relevant authorities, the Court **GRANTS** the motion as follows.

## I. BACKGROUND

This is a foreclosure suit and the second lawsuit between Plaintiff and Defendant. On November 9, 2017, Plaintiff filed a complaint seeking to authorize foreclosure and a declaratory judgement that Defendant was in default of a mortgage on a property in Mission, Texas ("Property").[2] On March 26, 2018, a final judgment was entered declaring that Plaintiff had met the legal requirements to proceed with a foreclosure sale pursuant to Texas Property Code §

---

[1] Dkt. No. 11.
[2] *See U.S. Bank National Association v. Garza*, 7:17-cv-00437, Dkt. No. 1 (the property is legally described as Lot Twenty-Eight (28), Villas Del Sur, An Addition to the City of Mission, Hidalgo County, Texas, according to the Map or Plat Thereof Recorded in Volume 27, Page 148, Map Records, Hidalgo County, Texas, Reference to Which Is Here Made for All Purposes). This case is judicially noticed pursuant to Fed. Evid. R. 201.

51.002 and authorizing Plaintiff to foreclose on the Property.[3] Plaintiff attaches a "Substitute Trustee's Deed" which indicates Plaintiff obtained title after it purchased the Property at the foreclosure sale that took place on June 5, 2018.[4]

In spite of the final judgment authorizing foreclosure, the subsequent foreclosure sale, and the transfer of title to Plaintiff, Defendant recorded a document entitled, "Claim of Lien (Wrongful Foreclosure)"[5] alleging Defendant did not receive proper notice for the foreclosure sale to be valid, and which Plaintiff asserts creates a cloud on the title of the Property.[6]

On September 21, 2018, Plaintiff filed the instant case seeking a judgment for declaratory relief and suit to quiet title.[7] Though properly served,[8] Defendant did not appear or respond, and Plaintiff sought entry of default.[9] Accordingly, default was entered by the Clerk of Court.[10] Plaintiff subsequently filed the instant motion for a default judgment.[11] Defendant has again not responded and the time for doing so has passed, rendering the motion unopposed by operation of the Local Rules.[12] The Court now turns to its analysis.

## II. LEGAL STANDARD

Obtaining an entry of default judgment is a three-step process: (1) default by the defendant; (2) entry of default by the Clerk of Court; and (3) entry of a default judgment.[13] Here, Defendant defaulted by failing to answer or otherwise appear in this case. Thus, entry of default

---

[3] *Id.* Dkt. No. 20.
[4] *See* Dkt. No. 11-1 (true and correct certified copy of the Substitute Trustee's Deed).
[5] *See* Dkt. No. 11-2.
[6] Dkt. No. 11 p. 2, ¶ 4.
[7] *See* Dkt. No. 1.
[8] *See* Dkt. No. 6 (service executed on Defendant on October 29, 2018 by personal service).
[9] Dkt. No. 7.
[10] Dkt. No. 9.
[11] Dkt. No. 11.
[12] L.R. 7.2–7.4 of the United States District Court of the Southern District of Texas.
[13] *Bieler v. HP Debt Exch., LLC*, 2013 WL 3283722, at *2 (N.D. Tex. June 28, 2013) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996)).

has been made against Defendant by the Clerk of Court.[14] The only remaining question is whether the third step—actual entry of default judgment—is appropriate.

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes entry of default judgment with court approval. It is a drastic remedy, resorted to only in extreme situations.[15] Nevertheless, default judgment determinations are left to the sound discretion of the district court.[16] Determining the propriety of default judgment is itself a three-step process. *First*, the Court must determine if default judgment is procedurally proper, countenancing six factors:

> (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion.[17]

*Second*, if default judgment is procedurally proper, the Court must determine whether the plaintiff's claims are substantively meritorious.[18] After all, a defendant's failure to answer or otherwise defend does not mean the particular legal claims levied against him are valid.[19] When analyzing the merits of a claim, courts may assume the truth of all well-pled allegations in the plaintiff's complaint.[20] *Third*, if the plaintiff's claims are meritorious, the Court must determine whether the requested relief is appropriate.[21] In particular, Rule 54(c) dictates that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[22]

---

[14] Dkt. No. 9.
[15] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[16] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).
[17] *Bieler*, 2013 WL 3283722, at *2 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).
[18] *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[19] *See id*.
[20] *Id*.
[21] *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).
[22] Fed. R. Civ. P. 54(c).

### III. LEGAL ANALYSIS

#### A. *Default Judgement is Procedurally Proper*

The record does not reveal any material fact issues, and the grounds for default are clearly established—Defendant has not answered or appeared. There is no indication in the record that these failures were somehow made in good faith or otherwise excusable, and for that reason, there is no basis for the Court to believe it would be obligated, upon motion, to vacate default judgment against Defendant. Moreover, and again due to Defendant's failure to answer or otherwise appear, default judgment cannot—procedurally speaking—be properly characterized as unduly harsh or prejudicial. For these reasons, default judgment against Defendant is procedurally proper.

#### B. *Plaintiff's Quiet Title Claim is Substantively Meritorious and Declaratory Relief is Appropriate*

Plaintiff's complaint seeks a declaration by the Court that it has title and asserts a suit to quiet title.[23] The Court finds that based on the well-pleaded allegations in Plaintiff's Complaint, and the evidence provided in the motion for default judgment, Plaintiff is entitled to an order quieting title and the declaratory relief requested.

The federal Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[24] The Declaratory Judgment Act does not create a substantive cause of action.[25] A declaratory judgment action is

---

[23] Dkt. No. 1.
[24] 28 U.S.C. § 2201.
[25] *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984) ("The federal Declaratory Judgment Act . . . is procedural only[.]") (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).

merely a vehicle that allows a party to obtain an "early adjudication of an actual controversy" arising under other substantive law.[26]

Here, Plaintiff's substantive claim is based on a suit to quiet title. Because federal jurisdiction is invoked on the basis of diversity of citizenship,[27] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas when considering any question of law.[28] A suit to quiet title under Texas law requires a plaintiff to prove: (1) a valid equitable interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) although facially valid, defendant's claim is invalid or unenforceable.[29]

A suit to quiet title, also known as a suit to remove cloud from title, is an equitable action to clarify ownership by removing invalid claims.[30] A plaintiff in a suit to quiet title "must prove and recover on the strength of his own title, not the weakness of his adversary's title."[31] "The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title."[32] To quiet title in his favor, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference."[33]

Turning next to the second and third elements, "[a] cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair

---

[26] *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN),* 915 F.2d 167, 170 (5th Cir. 1990).
[27] *See* Dkt. No. 1 p. 2, ¶¶ 1–3.
[28] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (U.S. 1938).
[29] *Bryant v. Bank of America, N.A.*, No. 4:11-CV-448, 2012 U.S. Dist. LEXIS 93537, 2012 WL 2681361, at *16 (E.D. Tex. June 6, 2012) (citing Sadler v. Duvall, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, pet. denied)).
[30] *Ford v. Exxon Mobil Chemical Co.*, 235 S.W.3d 615, 618 (Tex. 2007) (per curiam).
[31] *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.-Corpus Christi 2001, no pet.).
[32] *Gordon v. West Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.).
[33] *Wright*, 26 S.W.3d at 578.

the title of the owner of the property."[34] "Any deed, contract, judgment or other instrument not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner."[35]

Here, each element is met. First, Plaintiff has a valid equitable interest in the property. Plaintiff attaches to its complaint and the instant motion the Substitute Trustee's Deed indicating Plaintiff obtained title to the Property after a foreclosure sale.[36] This demonstrates Plaintiff's superior title with "sufficient certainty to enable the court to see he [] has a right of ownership that will warrant judicial interference."[37]

Second, Plaintiff's claim to title is affected by Defendant's claim. Plaintiff attaches a "Claim of Lien (Wrongful Foreclosure)" recorded by Defendant after the Substitute Trustee's Deed was obtained by Plaintiff.[38] This document would cloud title, because if valid on its face, it "would affect or impair the title of the owner of the property."[39] Thus, this satisfies the second element of a quiet title suit.

Third, although facially valid, Defendant's claim is invalid or unenforceable. The Court finds that Defendant's "Claim of Lien (Wrongful Foreclosure)" is invalid and negatively affects Plaintiff's interest in the Property.[40] Defendant's "Claim of Lien (Wrongful Foreclosure)" states that Defendant retained title because "[Defendant] ha[s] not received notice of a foreclosure or a

---

[34] *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).
[35] *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied).
[36] *See* Dkt. Nos. 1-4, 11-1.
[37] *Wright*, 26 S.W.3d at 578.
[38] *See* Dkt. No. 11-2.
[39] *Hahn*, 321 S.W.3d at 531.
[40] *See Property JPMorgan Chase Bank, N.A. v. Ablett,* No. 4:17-CV-00888-ALM-CAN, 2018 U.S. Dist. LEXIS 160988, at *17 (E.D. Tex. Aug. 17, 2018) (finding that unauthorized documents recorded after the valid transfer of title constitutes a cloud on a title in a quiet title claim).

notice to satisfy any default after March 26, 2018."[41] However, the Substitute Trustee's Deed provides that notice was provided in accordance with the requirements of the Deed of Trust and the laws of the State of Texas.[42] Additionally, even if Defendant had not received proper notice, Defendant's claim to title was extinguished, because Defendant was in default of his debt and Defendant never paid the amount remaining on the note and thus foreclosure was proper and eliminated Defendant's title.[43] Plaintiff points to the previous judgment in this matter, and provides documentation of Defendant's default, the subsequent foreclosure sale and the Substitute Trustee's Deed giving title to Plaintiff.[44] These documents, along with the allegations in Plaintiff's complaint, are sufficient to find that Defendant's claim of title is invalid. Thus, the Court finds Plaintiff's claim for title is superior and Defendant's claim is unenforceable.

In sum, all the elements of a suit to quiet title are met, rendering it substantively meritorious. The Court finds Plaintiff is entitled to the relief requested in the complaint, namely removing from its title the "clouds" occasioned by Defendant's "Claim of Lien (Wrongful Foreclosure)." Because Plaintiff has not sought damages, a computation of damages is not necessary in this matter.

## IV. HOLDING

For all these reasons, Plaintiff's motion for default judgment against Defendant[45] is **GRANTED**. Based on the foregoing, the Court **DECLARES** that Defendant is in default and Plaintiff's title is superior to any claimed interest of Defendant; that all liens recorded by Defendant are invalid; the foreclosure of Plaintiff's lien wiped out any claimed interest by

---

[41] *See* Dkt. No. 11-2.
[42] *See* Dkt. No. 11-1.
[43] Texas courts have made clear that "a necessary prerequisite" to recovery of title in a foreclosure setting "is tender of whatever amount is owed on the note." *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986).
[44] *See* Dkt. Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5.
[45] Dkt. No. 11.

Defendant to title of the Property; and Defendant must seek leave of the Court prior to recording or filing any lien as it relates to the Property. There being no other claims or causes of action, pursuant to Rule 58, a final judgment will issue separately.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 24th day of January, 2019.

                                                    Micaela Alvarez
                                                    United States District Judge